IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | | |
|---|---|---|
| SCOTT HAFEMANN and DEBARA HAFEMANN, Individually and on Behalf of Others Similarly Situated, | ) ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Civil Action No. 4:17-cv-39-WTM-GRS |
| THE MI GROUP, LTD., | ) ) ) | |
| Defendant. | ) | |

**CLASS ACTION COMPLAINT**

**COME NOW** Scott Hafemann and Debara Hafemann, individually and on behalf of other similarly situated, Plaintiffs in the above-styled action, and file this their Class Action Complaint against Defendant The MI Group, Ltd., showing this Honorable Court the following:

**I.    PARTIES, JURISDICTION AND VENUE**

1. Plaintiff Scott Hafemann is a citizen and resident of Georgia.

2. Plaintiff Debara Hafemann is a citizen and resident of Georgia.

3. Defendant The MI Group, Ltd. ("The MI Group") is a foreign entity with its principal place of business located in Canada. The MI Group is not registered with the Georgia Secretary of State's office and maintains no registered agent in this state. Pursuant to O.C.G.A. §14-2-504(b), The MI Group may be served with process via

registered or certified mail or statutory overnight delivery, return receipt requested, addressed to the following officers:

    a)     Marsha Mongeau, its former secretary and current Senior Vice President and Chief Financial Officer, located at 6745 Financial Drive, Mississauga, Ontario, Canada L5N 7J7;

    b)     Rod Hopkins, its president and chief operating officer, located at 5 Wood Hollow Road, Parsippany, New Jersey 07054-9997; and

    c)     Rick Bennett, its executive chairman and chief executive officer, located at 5 Wood Hollow Road, Parsippany, New Jersey 07054-9997.

4.     Defendant The MI Group has routinely marketed and sold its services in this state and in this county and has established sufficient contacts in this state such that requiring Defendant to litigate in this forum will not offend the traditional notions of fair play and substantial justice.

5.     A substantial part of the events, omissions and injuries giving rise to Plaintiffs' claims and those of the class occurred in the Southern District of Georgia.

6.     Jurisdiction and venue are proper in this Honorable Court.

## II.     FACTUAL ALLEGATIONS

7.     Defendant The MI Group is a global relocation management company that, in part, provides assistance to persons moving from one country to another.

8.     Plaintiffs are United States citizens who, until recently, had lived in Scotland.

9. In or around June 2016, Plaintiffs wished to return to the United States and contacted a Scottish company, The Shore Porters Society, for the purpose of moving Plaintiffs' belongings to Savannah, Georgia.

10. On or about June 10, 2016, Plaintiffs executed a contract with The Shore Porters Society outlining its duties and obligations related to Plaintiffs' relocation.

11. The Shore Porters Society subsequently contracted with Defendant The MI Group to arrange U.S. Customs clearance and delivery of Plaintiffs' belongings upon their arrival in Savannah.

12. On or about September 21, 2016, the container containing Plaintiffs' belongings arrived in Savannah and was cleared by U.S. Customs.

13. On or about September 21, 2016, Plaintiffs' son, who was assisting his parents with their move, received an e-mail from Defendant providing a breakdown of the charges allegedly owed to Defendant before it would release Plaintiffs' possessions.

14. According to the September 21, 2016 e-mail, Defendant claimed that Plaintiffs owed the following:

    i) "VACIS/XRAY exam: $340.00 + our 15% monies advance fee (minimum $50.00)",

    ii) "Customs Intensive exam: $535.00 + our 15% monies advance fee (minimum $50.00)", and

    iii) "Demurrage per day: $200 x 2 days = $400.00 + our 15% monies advance fee (minimum $50.00)".

15. Plaintiffs signed no contract with Defendant in which they consented to a "15% monies advance fee" for the items listed above.

16. Nothing in the contract between Plaintiffs and The Shore Porters Society allowed Defendant to charge a "15% monies advance fee" for the items listed above.

17. The "15% monies advance fee" charged by Defendant constitutes interest in excess of the amount allowed by law.

18. Defendant advised that it would continue to detain Plaintiffs' possessions until they paid the amounts it claimed were owed, including the "15% monies advance fee".

19. Although Plaintiffs protested the "15% monies advance fee", Plaintiffs were forced to pay such amounts to Defendant after a few days in order to obtain virtually all of their worldly possessions, for which Plaintiffs had an urgent and immediate necessity.

20. Defendant has violated Georgia law by charging the "15% monies advance fee", which has caused Plaintiffs harm.

### III.   CAUSES OF ACTION

*COUNT I – Violation of O.C.G.A. § 16-17-1, et seq.*

21. Pursuant to O.C.G.A. § 16-17-1, *et. seq.*, it is unlawful in the State of Georgia to make advances or loans to individuals or entities in amounts less than $3,000.00 to be repaid in the future unless the lender is, *inter alia,* duly licensed under Georgia law.

22. At no point has Defendant ever been licensed to make advances or loans less than $3,000.00 to borrowers in this state.

23. Despite not being licensed, Defendant charged Plaintiffs three "15% monies advance fees" on amounts less than $3,000.00 that were loaned or advanced on behalf of Plaintiffs, which was to be repaid at a future date.

24. Such loans and advances constitute a violation of Georgia law, specifically, O.C.G.A. § 16-17-1, *et. seq.*

25. Such loans or advances made on behalf of Plaintiffs are illegal, void *ab initio,* and are uncollectable.

26. In addition, Defendant is liable to the Plaintiffs and the Class for an amount three times the amount of monies advance fees collected, in addition to the amount of the loans or advances.

*COUNT II – Violation of the Georgia Industrial*
*Loan Act, O.C.G.A. 7-3-1, et seq.*

27. Pursuant to O.C.G.A. § 7-3-1, *et. seq.,* it is unlawful to loan or advance amounts less than $3,000.00 to borrowers in this state unless the lender is duly licensed by the State of Georgia Industrial Loan Commissioner.

28. Furthermore, if a loan or advance for less than $3,000.00 is made, the rate of interest cannot exceed 10% per annum.

29. Defendant did violate the Georgia Industrial Loan Act ("GILA") by making loans and advances less than $3,000.00 without being duly licensed and by charging interest at a rate far in excess of the amount allowed by law.

30. As a result, all loans and advances provided by Defendant in violation of the Georgia Industrial Loan Act, including all interest and fees, were and are uncollectable and must be waived or paid back by Defendant along with treble damages as provided by law.

*COUNT III – Attorneys' Fees*

31. Defendant has acted in bad faith, has been stubbornly litigious, and/or has caused Plaintiffs and the class unnecessary trouble and expense. As such, Plaintiffs and the Class are entitled to recovery of attorney fees pursuant to O.C.G.A. § 13-6-11.

## IV.     CLASS ALLEGATIONS

32. Upon information and belief, Defendant has charged thousands of Georgia residents "15% monies advance fees" similar to those charged Plaintiffs.

33. Neither Defendant, nor anyone on its behalf, has ever held a license issued by the State of Georgia to make such loans or advances.

34. In making such loans or advances of funds to Georgia customers that included an unlawfully high interest rate, Defendant has systemically and repeatedly violated Georgia law.

35. Such loans and advances constitute illegal transactions in violation of the O.C.G.A. § 16-17-1, *et. seq*; O.C.G.A. § 16-14-1, *et. seq.*; and the Georgia Industrial Loan Act, O.C.G.A. § 7-3-1, *et. seq.*

36. Such acts and/or omissions by Defendant give rise to claims which are properly brought on behalf of a class because (1) the class is so numerous that joinder of

all members is impracticable, (2) there are questions of law and fact common to all individuals who received loans or advances below $3,000 from Defendant, (3) the claims of the proposed class representatives are typical of the claims or defenses of the proposed class members, and (4) the proposed class representatives will fairly and adequately protect the interests of the class.

37. The named Plaintiffs seek to represent a Class of claimants as follows:

> All individuals and/or entities who are citizens and residents of Georgia from whom Defendant collected, or has sought to collect, a "monies advance fee" or similar charge for loans or advances in amounts less than $3,000.

38. As a result of Defendant's acts and/or omissions, each member of the proposed Class is owed a monetary penalty equal the amount actually paid or owed to Defendant on their behalf, along with three times the amount of interest and fees collected, or attempted to be collected, from each class member.

**WHEREFORE,** Plaintiffs pray for the following relief:

(a) that process be issued and served upon Defendant;

(b) that Plaintiffs be given a trial by jury;

(c) that the class as identified in this Complaint be certified so that the above-referenced claims can be heard on a class wide basis;

(d) that Plaintiffs recover attorney's fees and litigation expenses pursuant to O.C.G.A. § 13-6-11; and

(e)   such further relief as deemed just and proper by this honorable Court.

This 2nd day of March, 2017.

                                                        Jeremy S. McKenzie
                                                        Georgia Bar No. 436655
                                                        C. Dorian Britt
                                                        Georgia Bar No. 083259

KARSMAN, McKENZIE & HART
21 West Park Avenue
Savannah, Georgia 31401
(912) 335-4977